1  PAUL W. REIDL (SBN 155221)
   Law Office of Paul W. Reidl
2  Second Floor
   241 Eagle Trace Drive
3  Half Moon Bay, CA 94019
   Phone: (650) 560-8530
4  paul@reidllaw.com

5  MICHAEL K. BOSWORTH (SBN 75887)
   IPxLaw Group LLP
6  2901 Moorpark Ave, Suite 255
   San Jose, CA 95123
7  Phone: 408.827.3303
   Fax 408.850.9980
8  mbosworth@ipxlaw.com

9  *Attorneys for Plaintiff*

10

11                    UNITED STATES DISTRICT COURT

12                   CENTRAL DISTRICT OF CALIFORNIA

13                          SOUTHERN DIVISION

14

| | |
|---|---|
| 15  **KALLEH, INC.,** also known as Sherkate Tolide Faravardehaye Labani Kalleh Private Joint Stock Company, an Iranian Corporation, | Case No. _____ |
| 16 | |
| 17            Plaintiff, | **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, BREACH OF CONTRACT AND RESTITUTION FOR UNJUST ENRICHMENT** |
| 18     v. | |
| 19  **PARVIZ AREFIAN** and **KAHLEH FOOD INDUSTRY, LLC,** a California Limited Liability Company | |
| 20 | |
| 21            Defendants. | |

22

23

24       Plaintiff, Kalleh, Inc., also known as "Sherkate Tolide Faravardehaye Labani Kalleh

25  Private Joint Stock Company" (hereinafter "Kalleh, Inc." or Kalleh"), by and through its counsel,

26  for its Complaint against Parviz Arefian and Kahleh Food Industry, LLC, (hereinafter jointly

27  "Kahleh"), alleges and states as follows:

28

COMPLAINT FOR TRADEMARK INFRINGEMENT ,
FALSE DESIGNATION OF ORIGIN, BREACH OF  CONTRACT    1
AND RESTITUTION FOR UNJUST ENRICHMENT

## JURISDICTION

1. This action arises out of the Federal Lanham Act, 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125 (a). This Court has subject matter jurisdiction over the Federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§1338 (b) and 1367 (b).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Kahleh Food Industry, LLC is located in and transacts affairs in this district and a substantial part of the events giving rise to the claims asserted herein arose in this district.

## THE PARTIES

3. Plaintiff Kalleh, Inc. is a corporation organized and existing under the laws of the Iran, with its principal place of business at 99 East Azarbijan Ave., Tehran, Iran.

4. Defendant Kahleh Food Industry, LLC is a corporation organized and existing under the laws of the State of California, with its principal place of business at 17372 Eastman Street, Irvine, California 92614.

5. Defendant Parviz Arefian is the Chief Executive Officer and, on information and belief, principal owner of Kahleh. At all times he directed, supervised and personally undertook the activities described herein.

## NATURE OF THE CASE

6. This is an action for trademark infringement and false designation of origin arising from the intentional and deliberate use by Kahleh of trademarks confusingly similar to Kalleh, Inc.'s well known and registered "KALLEH and Design" and "Kalleh (Farsi) & Design" trademarks; Kahleh's false advertising of itself as an authorized distributor or source of Kalleh's goods; for breach of contract under California state law; and for restitution for unjust enrichment.

7. By this action, Kalleh seeks to preliminarily and permanently enjoin Kahleh from engaging in trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), creating false designations of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a), to obtain cancellation of Kahleh's Federal trademark application no.

85/369,542 for KAHLEH, in addition to recovering damages and attorneys' fees for Kahleh's willful and deliberate conduct.

### KALLEH INC.'S REGISTERED TRADEMARKS

8. Plaintiff Kalleh, Inc. has obtained Federal trademark registrations for KALLEH & Design, *Kalleh* Reg. No. 3,164,568, *NG*, Reg. No. 4,177,672, and two pending applicatons, for *Kalleh* No. 79/122,225, and *NG*, No. 79/129,862. Copies of the registrations for the foregoing trademarks (hereinafter referred to as the "KALLEH Marks") are attached as Exhibit 1.

9. The KALLEH Marks cover goods in the following International classes:

IC 029: Meat, fish, poultry and game and meat extracts; preserved, dried and cooked fruits and vegetables; pickles; jellies; jams, compotes; eggs, milk and milk products excluding ice cream, ice milk and frozen yogurt, edible oils and fats.

IC 030: Coffee, tea, cocoa, sugar, rice, tapioca, sago, artificial coffee; bread, pastry and confectionery, namely, fondants and edible ices; honey, treacle; yeast, baking-powder; salt; mustard; condiments, namely, chutney, relish, pickled ginger, vinegars, and sauces; spices; refreshing ice, namely, edible ices, ice cream, ice milk, frozen yogurt

IC 031: Agricultural, horticultural and forestry products in the nature of fresh fruits and vegetables, unprocessed edible seeds and unprocessed grains for human consumption; live animals; natural plants and flowers; foodstuffs for animals, malt for brewing and distilling.

IC 032: Beers; mineral and aerated waters and other non-alcoholic drinks, namely, non-alcoholic beer, vegetable juices, vegetable-fruit juices, carbonated beverages; fruit drinks and fruit juices; syrups and other preparations for making beverages, namely, non-alcoholic fruit extracts and syrups for beverages.

10. The KALLEH Marks are arbitrary and fanciful and have no meaning outside their use by Kalleh, Inc. to distinguish its food products from those offered by others. As a result of Kalleh, Inc.'s advertising and promotional efforts and its continuous use internationally of the KALLEH Marks since at least the 1990's, the KALLEH Marks have become well-known for food products originating with Kalleh, especially among the global Farsi-speaking and Middle Eastern communities, including in Iran. The KALLEH mark has been recognized as famous by the Iran Trademark Office.

11. Food products bearing the KALLEH Marks are distributed globally and are popular items at retail locations which sell food products originating in the Middle East. They are especially popular among speakers of Farsi and people who are of Middle Eastern descent even in countries where Farsi is not the primary language such as countries in Europe.

12. The United States, and specifically the Los Angeles area, has a large population of people who have emigrated from the Middle East, who may speak Farsi, and who recognize and have seen or are familiar with Kalleh's food products.

13. Goods originating in Iran may not be imported into the United States; however, but for the embargo Kalleh would be importing its products into the United States. To maintain its trademark registrations, Kalleh has filed a Section 8 Declaration of Use or Excusable Non-Use for Registration No. 3,164,568, which was accepted by the Trademark Office.

14. On information and belief, Defendant Arefian has been aware of Kalleh and its famous KALLEH Marks for many years. He understood that there was a large community of immigrants in the Los Angeles area who would also be aware of Kalleh's famous KALLEH Marks, and he therefore embarked on a scheme to free-ride on Kalleh's goodwill and to mislead consumers. In or about May 2011, he caused to be founded Defendant Kahleh. He purposefully selected this name because it was substantially similar to Kalleh's. He then began to market food products identical to those being sold by Kalleh.

15. Several months later, in June 2011, Kahleh applied to register the mark KAHLEH, application no. 85/369,542 for the following goods and services in the following Classes (See Exhibit 2):

IC 039: Packaged, pre-cooked soups, meat and vegetable stews, and rice; vegetable salads; and

IC041: Processing and freezing foods for distribution by others.

16. In furtherance of this scheme, and as illustrated in Exhibit 3, Defendants Arefian and Kahleh adopted packaging for their products that:

//

      a.     Uses marks in English confusingly to the KALLEH Marks; and

      b.     Uses packaging that employ marks in Farsi confusingly similar to the KALLEH Marks; and

      c.     Uses packaging that employs a logo design (oval containing the English and Farsi words "KAHLEH" and "Kahleh" in Farsi, on a green background, with adjacent red background displaying an image of the product), that is confusingly similar to the KALLAH Marks; and

      d.     Uses packaging for its products that employs a trade name "Kahleh Food Industries" confusingly to the KALLEH Marks; and

      e.     Uses packaging for its products employs the Farsi words " محصولات مواد غذائی کاله ", the English translation of which is "Kalleh food products."

17. On information and belief, Defendants' goods are marketed and sold to the Middle Eastern and/or Farsi-speaking community in the Los Angeles area. A substantial percentage of consumers in this market are likely familiar with the famous KALLEH Marks.

18. These actions were all undertaken without the permission of Kalleh and with the express purpose of deliberately misleading consumers into believing that Defendants Arefian and Kahleh were Kalleh, or associated with them, or licensed by them, or that the goods originated with or were sponsored by them. As a result of this scheme, consumers of Kalheh's goods will mistakenly believe that they are patronizing Kalleh and/or purchasing authentic goods originating with or sponsored by or licensed by Kalleh.

19. Kalleh sent Kahleh a cease and desist letter on December 6, 2012. After negotiations, Kahleh through its attorney agreed that if Kalleh agreed not to pursue its claim for damages, then Kahleh would stop using the KAHLEH trademark and would abandon Trademark Application No. 85/369,542. (See Exhibit 4). Kalleh so agreed, the trademark application was abandoned, and Kalleh did not pursue its claim for damages.

20. On October 29, 2013, Defendant Arefian, on behalf of Kalheh, filed with the Trademark Office a Petition to Revive and Request for an Extension of Time to file a Statement of Use for Trademark Application No. 85/369,542. This was granted on November 7, 2013. On

January 24, 2014, Kalleh queried Defendant's attorney about the revival of Kahleh. He said he had no knowledge of his client's activities.

## CLAIM ONE

## FEDERAL INFRINGEMENT OF REGISTERED TRADEMARKS

## (15 U.S.C. § 1114)

21. Kalleh repeats and re-alleges each and every allegation of paragraphs 1-20 as though fully set forth herein.

22. Kalleh Inc.'s registered KALLEH Marks are distinctive, have achieved secondary meaning in the relevant market and are non-functional. The registrations are valid and subsisting, and have not been abandoned.

23. Kahleh's trademarks are substantially similar in sight, sound and meaning and are identical in their Farsi versions to the KALLEH Marks. The goods on which Defendant uses its marks are identical or substantially similar to the goods on which the KALLEH Marks are used and are sold to the same type(s) of consumers through the same channels of trade. The aforesaid acts are likely to confuse consumers as to the source or sponsorship of the goods, and constitute Federal trademark infringement of Kalleh's exclusive rights to use the KALLEH Marks and to prevent unauthorized use of confusingly similar marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

24. This infringement is willful and deliberate and done expressly to free-ride on Kallah's goodwill. On information and belief, unless enjoined by this Court, Defendants are likely to increase their copying in the future and to take advantage of the goodwill established by Kalleh with respect to the KALLEH Marks.

25. As a direct consequence of Kalheh's unlawful conduct, Kalleh has suffered, and will continue to suffer, damage to its business, reputation and goodwill, for which it is entitled to relief. The injury and damage to its business reputation and hard-earned goodwill is irreparable. Unless such acts and practices are enjoined by the Court, Kahleh will continue to cause

//

irreparable harm to Kalleh for which there is no adequate remedy at law, and for which Kalleh is entitled to injunctive relief.

## CLAIM TWO

## FEDERAL FALSE DESIGNATION OF ORIGIN

### (15 U.S.C. § 1125)

30. Kalleh repeats and re-alleges each and every allegation of paragraphs 1-25, as though fully set forth herein.

31. The aforementioned acts are likely to confuse consumers into mistakenly believing that the goods sold by Defendants originate with Kalleh or a licensee and are authentic goods of Kalleh. This constitutes a false designation of origin under 15 U.S.C. § 1125.

32. These acts are willful and deliberate.

33. As a direct consequence of these unlawful acts and practices, Kalleh has suffered, and will continue to suffer, damage to its business, reputation and goodwill, for which it is entitled to relief under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. As a direct consequence of Kalheh's unlawful conduct, Kalleh has suffered, and will continue to suffer, damage to its business, reputation and goodwill, for which it is entitled to relief. The injury and damage to its business reputation and hard-earned goodwill is irreparable. Unless such acts and practices are enjoined by the Court, Kahleh will continue to cause irreparable harm to Kalleh for which there is no adequate remedy at law, and for which Kalleh is entitled to injunctive relief.

## CLAIM THREE

## FEDERAL INFRINGEMENT OF UNREGISTERED TRADEMARK, TRADE DRESS AND TRADE NAME RIGHTS

### (15 U.S.C. § 1125)

35. Kalleh repeats and re-alleges each and every allegation of paragraphs 1-34, as though fully set forth herein.

//

36. The aforementioned acts are likely to confuse consumers into mistakenly believing that the goods sold by Defendants originate from, are licensed by or are sponsored by Kalleh. This constitutes an infringement of Kalleh's rights in its unregistered trademarks, trade dress and trade names irrespective of its Federal registrations under 15 U.S.C. § 1125.

37. These acts are willful and deliberate.

38. As a direct consequence of these unlawful acts and practices, Kalleh has suffered, and will continue to suffer, damage to its business, reputation and goodwill, for which it is entitled to relief under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. As a direct consequence of Kalheh's unlawful conduct, Kalleh has suffered, and will continue to suffer, damage to its business, reputation and goodwill, for which it is entitled to relief. The injury and damage to its business reputation and hard-earned goodwill is irreparable. Unless such acts and practices are enjoined by the Court, Kahleh will continue to cause irreparable harm to Kalleh for which there is no adequate remedy at law, and for which Kalleh is entitled to injunctive relief.

## CLAIM FOUR
## BREACH OF CONTRACT

40. Kalleh repeats and re-alleges each and every allegation of paragraphs 1-39, as though fully set forth herein.

41. Kahleh agreed in writing to cease and desist its infringing conduct and it acted in furtherance of that agreement by abandoning its trademark application. In reliance on that agreement, Kalleh did not pursue its claim of damages against Kahleh.

42. The revival of the trademark application and its continued prosecution by Defendants constitutes a breach of the agreement between the parties which has caused injury and damages to Kalleh.

//

//

//

## CLAIM FIVE

## RESTITUTION FOR UNJUST ENRICHMENT

43. Kalleh repeats and re-alleges each and every allegation of paragraphs 1-42, as though fully set forth herein.

44. As a result of this conduct, Defendants have been unjustly enriched at the expense of Kalleh and the law thereby implies a contract by which they must pay to Kalleh the amount by which, in equity and good conscience, they have been unjustly enriched at the expense of Kalleh.

**WHEREFORE,** Kalleh Inc. requests the following relief:

1. That Parviz Arefian and Kahleh Food Industry, LLC, its officers, directors, shareholders, principals, agents, servants, employees, attorneys, and related companies, and all persons in active concert or participation with one or more of them, be preliminarily and permanently enjoined and restrained from unlawfully infringing Kalleh's trademark, trade dress and trade name rights; and

2. That this Court award Kalleh damages adequate to compensate it for Defendants' unlawful conduct; and

3. That Kalleh be awarded its actual damages in an amount to be proven at trial; and

4. That Defendants be required to account for any profits attributable to their infringing acts; and

5. That Kalleh be awarded treble damages pursuant to 15 U.S.C. §1117;

6. An award for unjust enrichment; and

7. That all infringing products in inventory be destroyed, and that all such other products be recalled and destroyed; and

8. That Kahleh be required to do remedial advertising in the relevant market to inform consumers that the goods sold by them had nothing to do with Kalleh; and

8. That Kalleh be awarded its costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. §1117; and

//

9. That Kalleh be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: February 25, 2014      By: _____

PAUL W. REIDL (SBN 155221)
Law Office of Paul W. Reidl
Second Floor
241 Eagle Trace Drive
Half Moon Bay, CA 94019
Phone: (650) 560-8530
paul@reidllaw.com

MICHAEL K. BOSWORTH (SBN 75887)
IPxLaw Group LLP
2901 Moorpark Ave, Suite 255
San Jose, CA 95123
Phone: 408.827.3303
Fax 408.850.9980
mbosworth@ipxlaw.com

*Attorneys for Plaintiff*

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, BREACH OF CONTRACT AND RESTITUTION FOR UNJUST ENRICHMENT    10